BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
KRISTIN S. DOOR
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:10-CR-00054-EJG |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE |
| v. | ) | |
| | ) | |
| WILLIAM R. MURRAY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Based upon the plea agreement entered into between plaintiff United States of America and defendant William R. Murray it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.  Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), defendant William R. Murray's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

        a)  A sum of money equal to the total amount of money involved in the scheme, for which defendant is convicted;
        b)  **** [1]

---

[1] Four assets listed in defendant's plea agreement filed on March 9, 2010, were forfeited administratively on March 9, 2010, and therefore are not included in this order.  Those assets

```
       c)   approximately 350 bottles of wine located at
            Morton's Steakhouse in Sacramento and 1020
            Wilhaggin Park Lane, Sacramento;
       d)   one Smith & Wesson revolver;
       e)   two pieces of visual art, described as a city
            street scape and a Jimmy Buffet artwork;
       f)   approximately 10 Persian rugs;
       g)   Cartier earrings;
       h)   Rolex Day/Date President watch;
       i)   Mikimoto pearl necklace and earrings;
       j)   Grebitus diamond earrings;
       k)   Rolex watch (women's);
       l)   two silver bracelets (one single-band and one
            multi-band);
       m)   Morgan Stanley money market account with
            approximately $2,000.00 and a Morgan Stanley
            brokerage account, both in name of William Murray;
       n)   Smith Barney brokerage account in name of William
            Murray;
       o)   Wells Fargo personal account in name of William
            Murray;
       p)   Net proceeds from the sale of Luxx 1- 2006 Lincoln
            Town Car Sedan, VIN 1LNHM84W16Y634671, pursuant to
            the asset purchase agreement dated December 23,
            2009, and amended January 1, 2010, between Baja
            Limo, Inc. and Jenkins & Murray Enterprises, Inc.;
       q)   Net proceeds from the sale of Luxx 2- 2004 Lincoln
            Town Car Limousine, VIN 1L1FM81W34Y620846;
            pursuant to the asset purchase agreement dated
            December 23, 2009, and amended January 1, 2010,
            between Baja Limo, Inc. and Jenkins & Murray
            Enterprises, Inc.;
       r)   Net proceeds from the sale of sale of Luxx
            Limousine, pursuant to the asset purchase
            agreement dated December 23, 2009, and amended
            January 1, 2010, between Baja Limo, Inc. and
            Jenkins & Murray Enterprises, Inc.;
       s)   **** See footnote 1;
       t)   **** See footnote 1;
       u)   **** See footnote 1;
       v)   one twenty-gauge shotgun;
       w)   Merrill Lynch brokerage account in the name of
            William Murray.
```

   2.   Pursuant to 18 U.S.C. § 981(a)(1)(C),  28 U.S.C.

---

are described in paragraph II(F)(b) of the plea agreement as a "Bank of the West Cashier's Check No: 0016203890 in the amount of $30,973.95;" the asset described in paragraph II(F)(s) described as a "1966 Ford Mustang Convertible, VIN 6F08C303961;" the asset described in paragraph II(F)(t) as a "2006 Lexus LX470, VIN JTJHT00WX64008622;" and the asset described in paragraph II(F)(u) as a "2005 GMC Yukon Denali, VIN 1GKEK63U75J177331."

1 § 2461(c), and 21 U.S.C. § 853(p), defendant William R. Murray's
2 interest in the following property shall be condemned and
3 forfeited to the United States of America, to be disposed of
4 according to law:

    x) one twelve-gauge shotgun;
    y) one rifle;
    z) one shotgun;
    aa) two pieces of Leroy Nieman artwork;
    bb) one Morgan Stanley brokerage account (tax-deferred) containing approximately $58,000;
    cc) $500 derived from the sale of scanner and King's tickets;
    dd) interest in partnership holding a condominium in Virginia; and
    ee) all assets of Murray & Young, an Accountancy Corporation, including all funds payable to Murray & Young, an Accountancy Corporation pursuant to Paragraph 2 of the Asset Purchase Agreement ("Agreement"), effective December 10, 2009, between Malkasian Accountancy, LLP and Murray and Young, an Accountancy Corporation, after payment of the fees described in Paragraph 2(b) of the Agreement.

15    3. The assets described in (a), (c)-(r), and (v)-(w)
16 constitute properties that are proceeds of, and traceable to, a
17 violation of 18 U.S.C. § 1341. The assets described in (x)-(ee)
18 constitute substitute assets as defined in 21 U.S.C. § 853(p)(2),
19 and are subject to forfeiture pursuant to 21 U.S.C. § 853(p)(1).
20 If any of these assets have or will be sold by defendant or
21 anyone acting on his behalf, the net proceeds shall be
22 forfeitable to the United States under the statutes described in
23 paragraphs one through three.

24    4. Pursuant to Rule 32.2(b), the Attorney General (or a
25 designee) shall be authorized to seize the above-listed property,
26 or the net proceeds from the sale of the property. The
27 aforementioned property shall be seized and held by the
28 Department of the Treasury, Internal Revenue Service - Criminal

1  Investigation, in its secure custody and control.
2      5.  As the result of the offenses of conviction, and based
3  upon the plea agreement of William R. Murray, the Court hereby
4  enters the following money judgment:
5          a.  As against defendant William R. Murray the Court
6  enters a money judgment in the amount of $13.5 million.  To the
7  extent that the United States realizes any sums from the
8  forfeiture of assets specified in this preliminary order of
9  forfeiture, the sum of the $13.5 million money judgment shall be
10 reduced accordingly.
11     6.  a. Pursuant to 28 U.S.C. § 2461(c), incorporating 21
12 U.S.C. § 853(n), and Local Rule 171, the United States shall
13 publish notice of the order of forfeiture.  Notice of this Order
14 and notice of the Attorney General's (or a designee's) intent to
15 dispose of the property in such manner as the Attorney General
16 may direct shall be posted for at least 30 consecutive days on
17 the official internet government forfeiture site
18 www.forfeiture.gov.  The United States may also, to the extent
19 practicable, provide direct written notice to any person known to
20 have alleged an interest in the property that is the subject of
21 the order of forfeiture as a substitute for published notice as
22 to those persons so notified.
23         b.  This notice shall state that any person, other than
24 the defendant, asserting a legal interest in the above-listed
25 property, must file a petition with the Court within sixty (60)
26 days from the first day of publication of the Notice of
27 Forfeiture posted on the official government forfeiture site, or
28 within thirty (30) days from receipt of direct written notice,

1 whichever is earlier.

2     7.  If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), in which all interests will be addressed.

    SO ORDERED this <u>13th</u> day of <u>April</u>, 2010.

                     /s/ Edward J. Garcia
                       EDWARD J. GARCIA
                       United States District Judge