1  BENJAMIN B. WAGNER
   United States Attorney
2  MATTHEW D. SEGAL
   KRISTIN S. DOOR
3  Assistant U.S. Attorneys
   501 I Street, Suite 10-100
4  Sacramento, California  95814
   Telephone:  (916) 554-2700

5

6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                   EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,      )     2:10-CR-00054-EJG
                                  )
12            Plaintiff,          )     FINAL ORDER OF FORFEITURE
                                  )
13       v.                       )
                                  )
14 WILLIAM R. MURRAY,             )
                                  )
15            Defendant.          )
   _____)

16

17      WHEREAS, on or about April 16, 2010, this Court entered a

18 Preliminary Order of Forfeiture pursuant to the provisions of 18

19 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. §

20 853(p) based upon the plea agreement entered into between

21 plaintiff and defendant William R. Murray forfeiting to the

22 United States the following property:

23            a)   A sum of money equal to the total amount of money
                   involved in the scheme, for which defendant is
24                 convicted;
              b)   **** [1]

25

26      [1]   Four assets listed in defendant's plea agreement filed
   on March 9, 2010, were forfeited administratively on March 9,
27 2010, and therefore are not included in this order.  Those assets
   are described in paragraph II(F)(b) of the plea agreement as a
28 "Bank of the West Cashier's Check No: 0016203890 in the amount of

c)     approximately 350 bottles of wine located at Morton's Steakhouse in Sacramento and 1020 Wilhaggin Park Lane, Sacramento;

d)     one Smith & Wesson revolver;

e)     two pieces of visual art, described as a city street scape and a Jimmy Buffet artwork;

f)     approximately 10 Persian rugs;

g)     Cartier earrings;

h)     Rolex Day/Date President watch;

i)     Mikimoto pearl necklace and earrings;

j)     Grebitus diamond earrings;

k)     Rolex watch (women's);

l)     two silver bracelets (one single-band and one multi-band);

m)     Morgan Stanley money market account with approximately $2,000.00 and a Morgan Stanley brokerage account, both in name of William Murray;

n)     Smith Barney brokerage account in name of William Murray;

o)     Wells Fargo personal account in name of William Murray;

p)     Net proceeds from the sale of Luxx 1- 2006 Lincoln Town Car Sedan, VIN 1LNHM84W16Y634671, pursuant to the asset purchase agreement dated December 23, 2009, and amended January 1, 2010, between Baja Limo, Inc. and Jenkins & Murray Enterprises, Inc.;

q)     Net proceeds from the sale of Luxx 2- 2004 Lincoln Town Car Limousine, VIN 1L1FM81W34Y620846; pursuant to the asset purchase agreement dated December 23, 2009, and amended January 1, 2010, between Baja Limo, Inc. and Jenkins & Murray Enterprises, Inc.;

r)     Net proceeds from the sale of sale of Luxx Limousine, pursuant to the asset purchase agreement dated December 23, 2009, and amended January 1, 2010, between Baja Limo, Inc. and Jenkins & Murray Enterprises, Inc.;

s)     **** See footnote 1;

t)     **** See footnote 1;

u)     **** See footnote 1;

v)     one twenty-gauge shotgun;

w)     Merrill Lynch brokerage account in the name of William Murray;

x)     one twelve-gauge shotgun;

y)     one rifle;

z)     one shotgun;

aa)     two pieces of Leroy Nieman artwork;

bb)     one Morgan Stanley brokerage account (tax-

---

$30,973.95;" the asset described in paragraph II(F)(s) described as a "1966 Ford Mustang Convertible, VIN 6F08C303961;" the asset described in paragraph II(F)(t) as a "2006 Lexus LX470, VIN JTJHT00WX64008622;" and the asset described in paragraph II(F)(u) as a "2005 GMC Yukon Denali, VIN 1GKEK63U75J177331."

Final Order of Forfeiture

deferred) containing approximately $58,000;

cc)  $500 derived from the sale of scanner and King's tickets;

dd)  interest in partnership holding a condominium in Virginia; and

ee)  all assets of Murray & Young, an Accountancy Corporation, including all funds payable to Murray & Young, an Accountancy Corporation pursuant to Paragraph 2 of the Asset Purchase Agreement ("Agreement"), effective December 10, 2009, between Malkasian Accountancy, LLP and Murray and Young, an Accountancy Corporation, after payment of the fees described in Paragraph 2(b) of the Agreement.

AND WHEREAS, beginning on May 20, 2010, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov.  Said published notice advised all third parties of their right to petition the court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property;

AND WHEREAS, the United States sent direct written notice by certified mail to Anne Young c/o Robert H. Johnson, Esq.;

AND WHEREAS, the Court has been advised that no third party has filed a claim to the subject property, and the time for any person or entity to file a claim has expired.

Accordingly, it is hereby ORDERED and ADJUDGED:

1.  A Final Order of Forfeiture shall be entered forfeiting to the United States of America all right, title, and interest in the below-listed property pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p) to be disposed of according to law, including all right, title, and interest of William R. Murray:

a)   A sum of money equal to the total amount of money involved in the scheme, for which defendant is convicted;

b)   ****See footnote 1;

c)   Net proceeds from the sale of approximately 350 bottles of wine located at Morton's Steakhouse in Sacramento and 1020 Wilhaggin Park Lane, Sacramento[2];

d)   one Smith & Wesson revolver;

e)   two pieces of visual art, described as a city street scape and a Jimmy Buffet artwork;

f)   Net proceeds from the sale of approximately 10 Persian rugs (see footnote 2);

g)   Cartier earrings;

h)   Rolex Day/Date President watch;

i)   Mikimoto pearl necklace and earrings;

j)   Grebitus diamond earrings;

k)   Rolex watch (women's);

l)   two silver bracelets (one single-band and one multi-band);

m)   Morgan Stanley money market account with approximately $2,000.00 and a Morgan Stanley brokerage account, both in name of William Murray;

n)   Smith Barney brokerage account in name of William Murray;

o)   Wells Fargo personal account in name of William Murray;

p)   Net proceeds from the sale of Luxx 1- 2006 Lincoln Town Car Sedan, VIN 1LNHM84W16Y634671, pursuant to the asset purchase agreement dated December 23, 2009, and amended January 1, 2010, between Baja Limo, Inc. and Jenkins & Murray Enterprises, Inc.;

q)   Net proceeds from the sale of Luxx 2- 2004 Lincoln Town Car Limousine, VIN 1L1FM81W34Y620846; pursuant to the asset purchase agreement dated December 23, 2009, and amended January 1, 2010, between Baja Limo, Inc. and Jenkins & Murray Enterprises, Inc.;

r)   Net proceeds from the sale of sale of Luxx Limousine, pursuant to the asset purchase agreement dated December 23, 2009, and amended January 1, 2010, between Baja Limo, Inc. and Jenkins & Murray Enterprises, Inc.;

s)   **** See footnote 1;

t)   **** See footnote 1;

u)   **** See footnote 1;

v)   one twenty-gauge shotgun;

w)   Merrill Lynch brokerage account in the name of William Murray;

x)   one twelve-gauge shotgun;

y)   one rifle;

---

[2] Some of the above-listed assets have been sold since the entry of the Preliminary Order of Forfeiture on April 16, 2010.

Final Order of Forfeiture

z)   one shotgun;

aa)  two pieces of Leroy Nieman artwork;

bb)  one Morgan Stanley brokerage account (tax-deferred) containing approximately $58,000;

cc)  $500 derived from the sale of scanner and King's tickets;

dd)  interest in partnership holding a condominium in Virginia; and

ee)  all assets of Murray & Young, an Accountancy Corporation, including all funds payable to Murray & Young, an Accountancy Corporation pursuant to Paragraph 2 of the Asset Purchase Agreement ("Agreement"), effective December 10, 2009, between Malkasian Accountancy, LLP and Murray and Young, an Accountancy Corporation, after payment of the fees described in Paragraph 2(b) of the Agreement.

2.   All right, title, and interest in the above-listed property shall vest solely in the United States of America.

3.   The Department of the Treasury, Internal Revenue Service - Criminal Investigation shall maintain custody of and control over the subject property until it is disposed of according to law.

SO ORDERED this 20TH day of December 2010.


/s/ Edward J. Garcia
EDWARD J. GARCIA
United States District Judge

Final Order of Forfeiture