IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

WILLIAM MURRAY,

        Defendant.
_____/

CIV. NO. S-11-1471 EJG
CR. NO. S-10-0054 EJG

<u>ORDER DIRECTING UNITED STATES
TO FILE A RESPONSE</u>

    Defendant, a federal prisoner proceeding <u>pro se</u>, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Defendant was convicted March 9, 2010, pursuant to his pleas of guilty, of one count of mail fraud and one count of interference with tax administration.  He was sentenced May 28, 2010 to a term of 235 months imprisonment, three years supervised release, and restitution in excess of ten million dollars.  As part of his plea agreement, defendant waived his rights to appeal his conviction and sentence, as well as his

1

right to appeal any order of restitution.  In addition he waived his rights to collaterally attack his conviction or sentence, specifically "agree[ing] not to file a motion under § 2255 or § 2241 attacking his conviction or sentence."  Plea Agreement, 12:22-24.

Despite the clear language of his plea agreement, defendant has filed the very motion he agreed not to file.  In it he raises claims of ineffective assistance of counsel and states that the waiver of such claims in his plea agreement contradicts Ninth Circuit and Supreme Court law.  The court does not believe that the brush sweeps as broadly across the canvas as defendant maintains. Defendant's waiver of his appellate rights is enforceable if the waiver encompasses the grounds raised in the challenge, and is knowingly and voluntarily made.  <u>United States v. Joyce</u>, 357 F.3d 921, 922-23 (9th Cir. 2004) (upholding waiver of appellate rights); <u>United States v. DeJarnette</u>, 63 Fed. Appx. 284 (9th Cir. 2003) (upholding waiver of appeal and collateral attack).

The waiver signed by defendant is a broad one, giving up "<u>any</u> right he may have to bring a post-appeal attack on his conviction or his sentence."  Plea Agreement, 12:21-22 (emphasis added).  As noted above, "[h]e specifically agrees not to file a motion under § 2255 or § 2241 of Title 28 of the United States Code attacking his conviction or sentence."  <u>Id.</u> at 22-24.

2

This broad waiver most likely encompasses the claims raised in defendant's § 2255 motion.  However, a narrow exception exists for claims of ineffective assistance of counsel **_which relate to the plea process_**.  "We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's . . . inducement of the defendant to plead guilty or accept a particular plea bargain."  <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1994).  In other words, a claim that challenges whether the waiver was knowing, intelligent and voluntary due to alleged ineffectiveness of counsel is not foreclosed since the validity of the waiver itself is called into question.  <u>See</u> <u>Washington v. Lampert</u>, 422 F.3d 864, 871 (9th Cir. 2005).  <u>See also</u> <u>United States v. McWhorter</u>, 2010 WL 2822810 * 4 (E.D. Cal. 2010).

Without deciding the issue of waiver at this juncture, the court directs the government to file a response to the motion, addressing both the issue of waiver of collateral attack, as well as the merits of the claims, within 30 days from the filing date of this order.  Defendant may file a reply within 30 days after service of the response.  The matter will stand submitted upon receipt of the last brief.

IT IS SO ORDERED.

Dated: June 21, 2011

                                  /s/ Edward J. Garcia
                                  EDWARD J. GARCIA, JUDGE
                                  UNITED STATES DISTRICT COURT

3