IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

WILLIAM MURRAY,

        Defendant.
_____/

CIV. NO. S-11-1471 EJG
CR. NO. S-10-0054 EJG

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE; ORDER DENYING CERTIFICATE OF APPEALABILITY

    Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After reviewing the record, the documents filed in connection with the motion, and the applicable law, the court has determined it may be decided without an evidentiary hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's arguments. Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989). For the reasons that follow, the motion is DENIED.

1

Background

Defendant pled guilty March 9, 2010, to one count of mail fraud and one count of interference with tax administration, in violation of 18 U.S.C. § 1341 and 26 U.S.C. § 7212(a). In addition he agreed to forfeit his right, title and interest to certain assets and to pay full restitution to all victims. He was sentenced May 28, 2010 to a term of 235 months imprisonment, three years supervised release and restitution in excess of ten million dollars. A final order of forfeiture was entered December 20, 2010. As part of his plea agreement, defendant agreed to waive his rights to appeal and collaterally attack his sentence and conviction.

On May 31, 2011, despite the explicit appellate waivers, defendant filed the instant motion to vacate, set aside or correct his sentence, raising claims of ineffective assistance of counsel and seeking an evidentiary hearing. In its response to the motion the government argues that defendant's claims are waived pursuant to the terms of the plea agreement. Alternatively, the government submits a declaration of defendant's counsel contradicting defendant's claims and requests an evidentiary hearing at which defendant and his counsel's credibility may be considered by the court. Defendant, in lieu of a reply brief, filed a 'supplemental motion' withdrawing several of the claims raised in his initial motion as well as his request for an evidentiary hearing.

## Discussion

Defendant's motion is barred by the terms of his plea agreement. In the alternative, the claims fail on the merits because defendant has not and cannot show that, but for counsel's errors defendant would not have pled guilty and would have insisted on going to trial.

### A. Waiver of collateral attack

As part of his plea agreement defendant waived his appellate rights, which included the right to collaterally attack his convictions and sentence, specifically agreeing not to file a motion under §§ 2255 or 2241 regardless of the sentence he received. Plea Agreement, 12:20-24. A waiver of appellate rights is enforceable if it encompasses the grounds raised in the challenge, and is knowingly and voluntarily made. United States v. Joyce, 357 F.3d 921, 922-23 (9th Cir. 2004) (upholding waiver of appellate rights); United States v. DeJarnette, 63 Fed. Appx. 284 (9th Cir. 2003) (upholding waiver of appeal and collateral attack).

Here, the waiver signed by defendant is a broad one and clearly encompasses the claims raised in his motion, giving up "any right he may have to bring a post-appeal attack on his conviction or his sentence." Plea Agreement, 12:20-22 (emphasis added). Nor has defendant shown that his waiver was involuntary or unknowing. The plea agreement is clear in its expression of the waiver and defendant cannot legitimately contend he did not

3

know its meaning where the agreement bears his signature and he was specifically questioned by the court about his understanding of the waiver during the plea colloquy. Transcript of Change of Plea Proceedings, 15:1-12.[1]

The Ninth Circuit has generally upheld the validity of appellate waivers with one exception: "[A] plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver." Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005). In the instant case defendant's motion raises six claims of ineffective assistance of counsel, all of which allege errors by counsel *after* entry of the plea, either during or following the sentencing proceedings.[2] Neither his motion nor his supporting declaration challenge the voluntariness

---

[1] THE COURT: As part of your plea agreement, you agree to waive or give up your rights to appeal or to collaterally attack the convictions and sentence. Do you understand these rights?
THE DEFENDANT: Yes, Your Honor.
THE COURT: Do you have any questions about waiver of appeal or collateral attack?
THE DEFENDANT: No, Your Honor.
THE COURT: Do you knowingly and voluntarily, then, waive your rights to appeal and collateral attack of the convictions and sentence pursuant to the plea agreement?
THE DEFENDANT: Yes, Your Honor.

[2] The first claim alleges counsel was ineffective for failing to "disqualify" a two-level bankruptcy enhancement. The second, failure to analyze the victims' loss. The third, failure to argue against a "sophisticated means" enhancement. The fourth, that counsel was negligent not to pursue an appeal. The fifth, failure to prevent a disproportionate sentence. The sixth and final claim, that counsel failed to challenge the enhancement for more than 50 victims.

4

of either his plea or the waivers of appeal and collateral attack.

In the context of a waiver of collateral attack, all circuits to have addressed the issue agree that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (collecting cases from and joining decisions of Second, Fifth, Sixth, Seventh and Tenth Circuits). This outcome is compelled because a contrary result would allow a defendant to avoid the contractually agreed upon obligation "simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." Id. See also, United States v. Magueflor, 220 Fed. Appx. 03, 604 (9th Cir. 2007) (waiver of collateral attack in plea agreement waives alleged claims of ineffective assistance of counsel which occur after signing of agreement).

B.  Merits

To support a claim of ineffective assistance of counsel, the Supreme Court has established a two-pronged test based on a "reasonable probability" standard. See generally, Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that, considering all the circumstances, counsel's performance

5

fell below an objective standard of reasonableness. <u>Id.</u> at 687-88. Second, defendant must establish prejudice, that is, but for counsel's errors, the result of the proceeding would have been different. <u>Id.</u> at 694. It is not necessary for the court to evaluate counsel's performance before examining whether prejudice was suffered. <u>Id.</u> at 697.

Here, defendant appears to argue in hindsight that had his attorney performed in a different manner, defendant would have received a lesser sentence. However, to prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). Nowhere in defendant's motion or supporting declaration does he make such an assertion. Nor could he considering his admissions during the plea proceeding and the factual basis attached to his plea agreement as well as the statements of his many victims during the sentencing proceedings.

### Conclusion

Based on the foregoing, defendant's motion to vacate, set aside or correct his sentence is DENIED. The Clerk of Court is directed to close companion civil case Civ. No. S-11-1471.

6

<u>Certificate of Appealability</u>

Pursuant to recent Ninth Circuit authority, the court addresses the issue of *certificate of appealability* as part of the ruling on the post-conviction motion.  In a § 2255 proceeding, "an applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253( c )."  Fed. R. App. P. 22(b).  Such certification may issue "only if [defendant] has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b)(1).

For all of the reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right.  A certificate of appealability will not issue.

IT IS SO ORDERED.

Dated: November 30, 2011

/s/ Edward J. Garcia
_____
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT